**E-FILED on** _7/7/08_

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREDERICK BATES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN JOSE, ROBERT DAVIS, individually and in his official capacity as City of San Jose Chief of Police, ADONNA AMOROSO, individually and in her official capacity as City of San Jose Deputy Chief of Police, and TUCK YOUNIS, individually and in his capacity as City of San Jose Police Captain,<br><br>　　　　Defendants. | No. C-06-05302 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>**[Re Docket No. 19]** |

　　　Plaintiff Frederick Bates, a retired sergeant with the San Jose Police Department, has sued the City of San Jose ("the City"), its Chief of Police, Robert Davis, and former Deputy Chief Adonna Amoroso alleging that defendants violated his civil rights by denying Bates a permit to carry a concealed weapon.[1]  Defendants move for summary judgment on plaintiff's claim.

---

[1] Plaintiff also sued current Assistant Chief of Police, Tuck Younis, but Younis was subsequently dismissed by stipulation.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT—C-06-05302 RMW
MAG

# I. BACKGROUND

The California Penal Code permits qualifying retired peace officers to obtain from their former law enforcement agencies retirement identifications with an endorsement authorizing them to carry concealed and loaded firearms. *Unland v. Block*, 59 Cal. App. 4th 1537, 1528 (1997). Bates was formerly a sergeant with the San Jose Police Department. He was granted a disability retirement from the department in April 2004, due to the fact that the City could not accommodate the work restrictions placed upon him by his physician, at least in part to "avoid psychologically or physically stressful work." Upon receipt of this information, defendant Amoroso, then deputy chief, denied Bates a concealed weapon permit under Cal. Penal Code § 12027.1(e) which prohibits the issuance of a permit to carry a concealed weapon to any officer who has retired "because of a psychological disability."[2] It is undisputed that she did not hold a hearing to make this determination and that she based her decision solely on Bates's retirement application, which included his physician's work restrictions. Amoroso testified that she did not review the entirety of Bates's disability retirement package, which Bates contends was available to her and which she must have reviewed. Bates asserts that a review of the entirety of the disability retirement package would have made it clear to Amoroso that his disability retirement was based upon a heart condition, rather than a psychological disability.

Several months after the initial denial by Amoroso, the San Jose Police Department received clarifying information from Bates's physician stating that Bates did not have a psychological disability and that he was an appropriate candidate to carry a concealed weapon. Based on this information, the Police Department reversed its earlier decision and granted Bates a permit to carry a concealed weapon in August 2004.

Thereafter, Bates sued the City in the Superior Court of California, County of Santa Clara small claims court seeking to recoup the $1,500 retainer he had paid to his attorney for purposes of helping him secure his concealed weapon permit. The state court entered a judgment in favor of the City. Bates now sues the City, Davis and Amoroso for violation of his civil rights to freedom from

---

[2] The text of Cal. Penal Code § 12027.1(e) reads: "No peace officer who is retired after January 1, 1989, because of a psychological disability shall be issued an endorsement to carry a concealed and loaded firearm pursuant to this section."

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT—C-06-05302 RMW
MAG                                        2

deprivation of due process of law, freedom from summary punishment and freedom from the deprivation of the right to bear arms for failing to initially grant him a concealed weapons permit under § 12027.1.[3]

## II.  ANALYSIS

### A.  Civil Rights Claim

42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 943 (9th Cir. 2004) (quoting *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (*en banc*)).  For Bates to successfully prove his civil rights claim, he "must demonstrate that (1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Jones v. Williams*, 297 F.3d 940, 934 (9th Cir. 2002).  The parties do not dispute that the denial of a concealed weapons permit to Bates occurred under the color of state law. They do, however, disagree as to whether it resulted in the deprivation of any constitutional right.

The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property" without due process of law.  *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972); *Mullins v. Oregon*, 57 F.3d 789, 795 (9th Cir. 1995).  The touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness (i.e., denial of procedural due process guarantees) or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective (i.e., denial of substantive due process guarantees).  *See County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998).

Defendants argue that the Ninth Circuit has already rejected the argument that the denial of a permit to carry a concealed weapon under Cal. Penal. Code § 12027 gives rise to a constitutional violation. In *Association of Orange County Deputy Sheriffs v. Gates*, former deputy sheriffs who had retired under medical disability brought suit under 42 U.S.C. § 1983 alleging they had been denied

---

[3] The denial of a concealed weapons permit does not constitute a deprivation of the right to bear arms. *Hickman v. Block*, 81 F.3d 98, 101-02 (9th Cir. 1996), *cert. denied*, 519 U.S. 912 (1996). Further, the court does not see a basis for Bates's contention that the denial of a concealed weapons permit under § 12027.1 constitutes punishment, summary or otherwise.

certificates allowing them to carry concealed after retirement. The officers argued that Cal. Penal Code §§ 12031(b)(1) and 12027, which provide for the certificates, created an entitlement sufficient to warrant constitutional protection. The Ninth Circuit determined otherwise:

> The only restrictions imposed by § 12027(a) and § 12031(b)(1) are 1) the agency from which the officer retires issues a certificate indicating whether or not the officer may carry a concealed weapon and 2) the privilege of carrying a loaded concealed weapon may be denied or revoked for "good cause". This court finds, as did the court below, that the requirement of "good cause" prior to the denial of a weapons certificate does not create a constitutionally protected interest, because it is not a "significant substantive restriction on the basis for [the] agency's action."

*Ass'n Orange County Deputy Sheriffs v. Gates*, 716 F.2d 733, 734 (9th Cir. 1983) (citing *Jacobson v. Hannifin*, 627 F.2d 177, 180 (9th Cir. 1980)); *see also Erdelyi v. O'Brien*, 680 F.2d 61, 63 (9th Cir. 1982) (private investigator did not have property interest in concealed weapons permit under Cal. Penal Code § 12050).

In 1988, § 12027.1 was amended to require a hearing with notice by an impartial three-member panel on good cause. Bates contends that this amendment dictates a different result from that in *Gates*. Section 12027.1(b)(1) now provides, "An identification certificate authorizing the officer to carry a concealed and loaded firearm or an endorsement may be revoked or denied by the issuing agency only upon a showing of good cause. Good cause shall be determined at a hearing, as specified in subdivision(d)." Subsection (d) provides, "Any hearing conducted under this section shall be held before a three-member hearing board. One member of the board shall be selected by the agency and one member shall be selected by the retired peace officer or his or her employee organization. The third member shall be selected jointly by the agency and the retired peace officer or his or her employee organization." Following subsection (d), subsection (e) provides, "No peace officer who is retired after January 1, 1989, because of a psychological disability shall be issued an endorsement to carry a concealed and loaded firearm pursuant to this section."

As set forth above, it is undisputed that Amoroso did not conduct a hearing before denying Bates the concealed weapons permit. In one respect, the 1988 amendment does not assist Bates. The California Court of Appeal has determined that the requirement of a hearing prior to denial of a concealed weapons permit under § 12027.1 does not apply to subsection (e). In *Unland v. Block*, the court determined that the fact that subsection (e) prohibiting a concealed weapons permit for officers

retired because of a psychological disability was separate from subsection (b) providing for a "good cause" hearing signified that the legislature intended for denial for retirement with a psychological disability to proceed differently. *Unland*, 59 Cal. App. 4th at 1545. The court reasoned that although the legislature was armed with the knowledge that prior to the enactment of § 12027.1, law enforcement agencies permitted an officer's medical and psychological records to determine good cause, it nonetheless "created a summary denial procedure for officers who retired because of a psychological disability, and a full adversarial hearing procedure in all other cases of denial or revocation." *Id.* at 1546.

In this case, however, Bates contends that he did not retire due to a psychological disability under subsection (e). Instead, he argues, Amoroso misconstrued the reason for his retirement. Because his retirement was not because of a psychological disability, which he asserts that a careful review of his application for retirement would have revealed, Bates asserts that he was denied the right to a "good cause" hearing under subsection (b)(1). The court agrees that reading Bates's retirement application packet reasonably leads to the conclusion that Bates did not retire due to a psychological disability.

The court thus examines whether the 1988 amendment to § 12027.1 adding the hearing requirement created a constitutionally protected interest in a concealed weapons permit in this case. "Procedural guarantees ordinarily do not transform a unilateral expectation into a constitutionally protected interest" unless they "are intended to operate as a significant substantive restriction on the basis for an agency's actions." *Jacobson v. Hannifin*, 627 F.2d 177, 180 (9th Cir. 1980). Here, the requirement for a "good cause" hearing was added following the Ninth Circuit's decision in *Gates*, indicating that the Legislature meant to impose a substantive restriction on the decision to deny a concealed weapons permit. Further, the requirements for conducting such a good cause hearing are spelled out in detail. Thus, it appears that Bates had a constitutionally protected interest in a good cause hearing prior to the denial of a concealed weapons permit.

Viewing all evidence in favor of Bates and assuming that Amoroso had access to all the facts in his disability retirement packet and focused solely on the restrictions placed upon Bates by his physician to "avoid psychologically or physically stressful work," the denial of a concealed weapons permit implicates the violation of a constitutionally protected right. Because it is relatively clear from

the retirement application that Bates's retirement was due to hypertension that was caused or exacerbated by "psychoemotional stress" and not a psychological disability, Bates should have received a good cause hearing prior to the denial of a concealed weapons permit under § 12027.1.

The court notes, however, that plaintiff has now received his concealed weapons permit under § 12027.1 without a good cause hearing. After he submitted further information clarifying the reason for his retirement, he was issued a concealed weapons permit. It would certainly appear that no further process is due at this point. Nevertheless, Bates continues to assert his civil rights have been violated so that he may recover the retainer paid to his attorney and receive punitive damages and attorney's fees for the instant action.

### B.  Qualified Immunity

Plaintiffs Amoroso and Davis, sued in their individual and official capacities, assert that any actions taken with respect to the denial of Bates's concealed weapons permit are subject to qualified immunity. A court considering a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right, then proceed to determine if the right was "clearly established." *Wilson v. Layne*, 526 U. S. 603 (1999); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). The threshold question is: taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? *Saucier v. Katz*, 533 U.S. 194, 201 (2001). As set forth above, the answer to that threshold question is yes.

If a violation of a constitutional right could be made out on the allegations, the next step is to ask whether the right was clearly established. *Saucier*, 533 U.S. at 201. It is not necessary that a prior decision rule "the very action in question" unlawful for a right to be clearly established. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Rather, "the contours of the right must be sufficiently clear so that a reasonable official would know that his conduct violates that right." *Browning v. Vernon*, 44 F.3d 818, 823 (9th Cir. 1995). An alternative expression of the "clearly established" law standard is that the law gave the official "fair warning." *See Serrano v. Francis*, 345 F.3d 1071,1077 (9th Cir. 2003). Both expressions have the same object. *Id.* Under the alternative "fair warning" standard, the question is whether the contours of the right have been defined with sufficient specificity that a state official had fair warning that his conduct deprived plaintiff of his rights. *See id.* at 1077.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT—C-06-05302 RMW
MAG                                                                                     6

Here, it is not as clear that the right to a good cause hearing under the circumstances set forth is a clearly established one. On one hand, the relevant statute has been amended to include the provision of a good cause hearing before a retired officer can be denied a concealed weapons permit. On the other hand, the statute's good cause hearing requirement does not apply to the denial of a permit to an officer who retired due to a psychological disability under subsection (e). Although the court concluded above that under the circumstances Bates was deprived of his right to a good cause hearing, that finding does not lead to the conclusion that the right to a hearing under the circumstances was necessarily clearly established. The court concludes that a reasonable official under the same circumstances would not know that her conduct violated Bates's right to a good cause hearing, particularly in light of *Unland*, which held that subsection (e) created an automatic denial rule for officers who retired because of a psychological disability. *Id.*, 59 Cal. App. 4th at 1545. Accordingly, Amoroso and Davis are entitled to qualified immunity.

### C. Collateral Estoppel

Defendants further contend that Bates is collaterally estopped from asserting the instant civil rights claim against the City because the issue was previously adjudicated in the state court. "Issue preclusion by collateral estoppel prevents relitigation of issues argued and decided in prior proceedings." *Rodgers v. Sargent Controls & Aerospace*, 136 Cal. App. 4th 82, 89 (2006) (citing *Castillo v. City of Los Angeles*, 92 Cal. App. 4th 477, 481 *Rodgers v. Sargent Controls & Aerospace*, 136 Cal. App. 4th 82, 89 (2006)) (citations and quotation marks omitted).

As a threshold matter, Bates argues that defendants have waived their collateral estoppel defense by failing to plead it in their answer in this action. It is true that defendants did not assert collateral estoppel as an affirmative defense. Nevertheless, although "collateral estoppel is waived if not raised in the trial court," *People v. Morales*, 112 Cal. App. 4th 1176, 1185 (2003), "[c]ollateral estoppel as a defense need not be alleged in an answer or other responsive pleading, *Rodgers*, 136 Cal. App. 4th at 89. Here, it is sufficient that defendants raised the issue of collateral estoppel in their motion for summary judgment.

"Traditionally, collateral estoppel has been found to bar relitigation of an issue decided at a previous proceeding 'if (1) the issue necessarily decided at the previous [proceeding] is identical to the

one which is sought to be relitigated; (2) the previous [proceeding] resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior [proceeding].' [¶] It is implicit in this three-prong test that only issues actually litigated in the initial action may be precluded from the second proceeding under the collateral estoppel doctrine. [Citation.] An issue is actually litigated '[w]hen [it] is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined . . . .'" *People v. Carter*, 36 Cal. 4th 1215, 1240 (2005) (citing *People v. Sims*, 32 Cal. 3d 468, 484 (1982)) (alterations in original).

Here, the collateral estoppel test is satisfied. As set forth above, plaintiff seeks to recover the retainer and attorney's fees expended to secure his concealed weapons permit. His basis for recovery is that he was deprived of his civil rights because of the denial of a concealed weapons permit upon his retirement. Whether Bates was deprived of his civil rights by the City was necessarily decided in the state court action in which he previously sought his retainer fees. In response to the question on the Small Claims Court complaint form, "Why does Defendant owe the Plaintiff money?", Bates wrote:

> After I (Plaintiff) retried from the San Jose Police Department on 4-01-04, the department denied me authorization to carry a concealed weapon (CCW). The department violated my rights by failing to grant me a hearing and failing to show "good cause" for the denial as required by law. I was forced to obtain legal representation, after which, the Police Department reversed it's [sic] decision and granted me authorization to carry a concealed weapon on 2-17-05. Because of the department's wilfull violation of my rights and state law (California Penal Code Section 12027.1), I suffered a monetary loss of $1,500.00 that I paid in attorney fees.

Decl. James Brennan, Ex. A. The Small Claims Court issued a notice of entry of judgment on January 30, 2006 denying Bates's claim. *Id.*, Ex. B. This constitutes a final judgment against Bates and in favor of the City on the merits of his claim that his rights were violated. Accordingly, whether rightly or wrongly decided by the Small Claims Court, Bates may not relitigate the issue of whether the City violated his rights in this forum.

### III. ORDER

For the foregoing reasons, the court grants defendants' motion for summary judgment.

DATED:      6/25/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT—C-06-05302 RMW
MAG                                                                8

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Stuart D. Kirchick           sdkirchick@aol.com

**Counsel for Defendants:**

Michael J. Dodson            cao.main@sanjoseca.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    7/7/08                           /s/ MAG
                                      **Chambers of Judge Whyte**