UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| FREDERICK BATES, | Case No. C-06-05302-RMW |
|---|---|
| Plaintiff, | |
| v. | **STATEMENT RE REQUEST FOR INDICATIVE RULING** |
| CITY OF SAN JOSE et al., | |
| Defendants. | [Re Docket No. 77] |

On September 19, 2013, the Ninth Circuit denied Frederick Bates' "motion for leave to file in district court a motion for clarification of order," which it construed as a motion for remand. Dkt. No. 76. The Ninth Circuit indicated that it would reconsider the issue if Bates filed a motion in this court and this court indicated that it was likely to grant Bates' motion or that it raised a substantial issue. Dkt. No. 76; *see also* Fed. R. App. P. 12.1.[1]

Bates has now filed a "request for indicative ruling pursuant to FRAP 12.1 and FRCP 62.1" with this court. *See* Dkt. No. 77. Although the relief Bates seeks is unclear, he argues this court should decide two substantial issues before the Ninth Circuit considers his appeal.

---

[1] "If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue." Fed. R. App. P. 12(a).

STATEMENT
Case No. C-06-05302-RMW
SW

- 1 -

1     First, Bates argues that there is a discrepancy between this court's statements from the bench
2  at an April 26, 2013 hearing[2] on Bates' Rule 60 motion and this court's written order with respect to
3  Bates' Rule 60 motion. *Compare* April 26, 2013 Order, Dkt. No. 55 *with* April 26, 2013 Transcript,
4  Dkt. No. 71. Bates argues that the court's written order with respect to his Rule 60 motion indicated
5  a decision on the merits, which differed from the court's statement at the hearing which indicated a
6  default. The court acknowledges that what it said at the time set for hearing on Bates' motion for
7  relief was incorrect. The court should have said, "the motion for relief is denied" rather than
8  defendants' "motion to dismiss [plaintiff's claim for relief] is granted." Because Bates was not
9  present, no argument was made and the only substantive statement made was the court's statement
10 that the motion was dismissed.[3] Although the court did not indicate at the hearing whether it was
11 dismissing the motion because of default or on the merits, it was dismissed on the merits. In
12 preparation for the hearing, the court had reviewed all of the papers and reached a decision.
13 Because no one appeared to convince the court to alter its decision, the court's decision to deny
14 plaintiff relief under Rule 60 became the order.

15     Bates also argues he needs clarification as to the existence of a motion to dismiss.
16 Defendants did not file a motion to dismiss nor would one have been appropriate given that the case
17 had been closed since July 2008 when this court entered judgment. The court assumes that Bates'
18 concern is based on the court's statement at the end of the April 26, 2013 hearing, to counsel for
19 defendant that "Your motion is -- or the motion to dismiss is granted." April 26, 2013 Transcript 2.
20 Defendants did not make a motion. The court's intention was to indicate that it had found in favor
21 of defendants as to Bates' Rule 60 motion for relief from judgment. As the transcript indicates, the
22 hearing was called to resolve a "motion for relief from judgment." April 26, 2013 Transcript 2.
23 The Rule 60 motion for relief from judgment was the only motion at issue in the hearing and the
24 only motion at issue in the case at the time of the hearing. At the hearing, the court denied Bates'
25 Rule 60 motion and explained its decision in an order posted later that day. *See* Order, Dkt. No. 55.

---

[2] Bates argues in his motion for leave before the Ninth Circuit that he was not notified of the hearing, but the April 26, 2013 hearing was held pursuant to a stipulation between Bates and defendants. *See* Dkt. No. 50.

[3] As explained in the next paragraph, the court's exact language at the hearing was imprecise, but did not indicate a decision based on default.

STATEMENT
Case No. C-06-05302-RMW
SW
- 2 -

Therefore, the court finds that Bates has not raised any substantial issues, and, to the extent he seeks relief related to these issues, the court would deny it.

Dated: October 25, 2013



RONALD M. WHYTE
United States District Judge