UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERICK BATES,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE et al.,<br><br>　　　　　　Defendants. | Case No. C-06-05302-RMW<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**<br><br>[Re Docket No. 72] |

Plaintiff Frederick Bates moves this court to reopen his case, in which judgment was entered in July 2008 after the court granted summary judgment to the defendants. *See* Dkt. Nos. 30, 31. The Ninth Circuit affirmed the judgment in November 2009. *See* Dkt. No. 38. Recently Bates began a campaign to reopen his case. In February, he moved this court to vacate its summary judgment order under Rule 60. *See* Dkt. No. 43. The court denied the motion, and Bates is now appealing the court's decision. *See* Dkt. No. 62. Now, Bates again moves the court for relief from judgment, this time based on the allegedly improper dismissal of defendant Tucker Younis. The court again denies his motion for the reasons explained below.

Bates moves to reopen his case under Rule 60 sections (b)(4) and (b)(6) as well as section (d)(3). A party moving under Rule 60(b) and its subsections must move within a "reasonable time." Because the court finds that five years is not a reasonable amount of time, it denies the motion as to sections (b)(4) and (b)(6).

Bates also moves to reopen his case under section (d)(3), which is not limited by the reasonable time requirement. *See* Rule 60(d). However, fraud on the court is an extraordinary remedy only appropriate for fraud that "defile[s] the court itself, or is a fraud perpetrated by officers of the court." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1104 (9th Cir. 2006). Fraud on the court "should be read narrowly, in the interest of preserving the finality of judgments." *Id.* at 1104 (quoting *Toscano v. Comm'r*, 441 F.2d 930, 934 (9th Cir. 1971)). A court should only vacate a judgment for fraud on the court if the moving party establishes fraud by "clear and convincing evidence." *United States v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011). "Not all fraud is fraud on the court." *Id.* at 444 (quoting *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999)). To be fraud on the court, the fraud must "undermined the workings of the adversary process itself." *Id.* at 445.

Even if Bates claims are true, the adversary process itself has not been undermined. Bates claims that his lawyer stipulated to dismiss Tuck Younis, the Assistant Chief of Police, from the case without his knowledge or authorization. Bates claims this was fraud upon the court. This dismissal, however, did not end the case or prevent the adversary process from working. After Younis was dismissed, the case proceeded to summary judgment. The court granted summary judgment for the remaining individual defendants, Chief of Police, Robert Davis, and former Deputy Chief Adonna Amoroso, because qualified immunity shielded them. The court found that "a reasonable official under the same circumstances would not know that her conduct violated Bates's right to a good cause hearing." Dkt. No. 30 at 7. The same reasoning would have applied to Younis and thus the adversary process has not been undermined.

Bates has also failed to provide clear and convincing evidence of fraud on the court. The only evidence he offers is a self-serving declaration. Coming five years after the court entered judgment, Bates's declaration is insufficient to meet his high burden.

Dated: December 11, 2013

_Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge

ORDER
Case No. C-06-05302-RMW
SW

- 2 -

*United States District Court*
*For the Northern District of California*