United States District Court
Northern District of California

1

2

3

4

5

6

7

8                                   UNITED STATES DISTRICT COURT

9                               NORTHERN DISTRICT OF CALIFORNIA

10                                          SAN JOSE DIVISION

11

12   FREDERICK BATES,                                Case No.   5:06-cv-05302-RMW

             Plaintiff,

13

        v.                                           **ORDER DENYING MOTION FOR**
14                                                   **RECUSAL AND MOTION FOR RELIEF**
     CITY OF SAN JOSE, et al.,                       **FROM JUDGMENT**

15
             Defendants.                             Re: Dkt. No. 116, 123
16

17          On May 9, 2016, plaintiff Frederick Bates filed his third motion under Federal Rule of

18   Civil Procedure 60 for relief from this court's July 2008 decision granting summary judgment in

19   favor of defendants. Dkt. No. 116. Plaintiff also filed a motion asking the undersigned judge to

20   recuse himself. Dkt. No. 123. For the reasons explained below, both of plaintiff's motions are

21   DENIED.

22   **I.      BACKGROUND**

23          Plaintiff, a retired San Jose police sergeant, commenced this lawsuit in 2006 against the

24   City of San Jose and various police officials including Robert Davis, Tuck Younis, and Adonna

25   Amoroso, alleging that defendants violated his civil rights by delaying plaintiff's receipt of a

26   permit to carry a concealed weapon. Younis was dismissed by stipulation, Dkt. No. 16, and on

27   July 7, 2008, this court granted summary judgment in favor of the remaining defendants, Dkt. No.

28                                                       1
     5:06-cv-05302-RMW
     ORDER DENYING MOTION FOR RECUSAL AND MOTION FOR RELIEF FROM JUDGMENT
     RS

1   30. The Ninth Circuit affirmed the judgment in November 2009. *See* Dkt. No. 38.

2       Plaintiff then began a campaign to reopen his case. On February 21, 2013, he filed a first

3   motion for relief from judgment under Rule 60(b)(4) and Rule 60(d)(3) alleging misconduct by the

4   City's attorneys and by his own attorney. Dkt. No. 43. This court denied plaintiff's motion on

5   April 26, 2013. Dkt. No. 55. Plaintiff appealed the denial of his first Rule 60 motion. Dkt. No. 62.

6   The Ninth Circuit assigned the appeal case number 13-16397. Dkt. No. 120-1 Ex. B. Following an

7   order by the Ninth Circuit and a request by plaintiff, Dkt. Nos. 76-77, this court clarified its April

8   26, 2013 ruling pursuant to Federal Rule of Appellate Procedure 12.1. Dkt. No. 80. This court

9   found that plaintiff had not raised any substantial issues. *Id.*

10      While the appeal of the first Rule 60 motion was still pending, plaintiff filed a second Rule

11  60 motion in this court on September 16, 2013. Dkt. No. 72. This court denied plaintiff's second

12  Rule 60 motion on December 11, 2013. Dkt. No. 86. Plaintiff appealed the denial of his second

13  Rule 60 motion as well, Dkt. No. 88, and the Ninth Circuit opened case number 14-15080. The

14  Ninth Circuit dismissed the appeal of the order denying plaintiff's second Rule 60 motion in

15  February 2014. Dkt. No. 92.

16      On July 31, 2015, the Ninth Circuit affirmed this court's order denying plaintiff's first

17  Rule 60 motion. Dkt. No. 100 (Case No. 13-16397). The Ninth Circuit's mandate in that appeal

18  issued on December 30, 2015. Dkt. No. 103.

19      On December 15, 2015, plaintiff filed yet another lawsuit in this district against the City,

20  its mayor, and various city officials stemming from their alleged misconduct in responding to his

21  complaints over the denial of the concealed weapons permit. *See* Dkt. No. 113. That case was

22  assigned case number 15-cv-05729-NC. Magistrate Judge Cousins dismissed plaintiff's complaint

23  on June 10, 2016, and plaintiff appealed that decision as well. Case No. 15-cv-05729-NC, Dkt.

24  Nos. 40-42.

25      Plaintiff filed the Rule 60 motion in the instant case that is presently before the court—

26  plaintiff's third such motion—on May 9, 2016. Dkt. No. 116. Defendants filed an opposition, Dkt.

27  No. 120, and plaintiff filed a reply, Dkt. No. 122. Plaintiff filed a motion requesting recusal on

28

United States District Court
Northern District of California

2
5:06-cv-05302-RMW
ORDER DENYING MOTION FOR RECUSAL AND MOTION FOR RELIEF FROM JUDGMENT
RS

1   June 16, 2016, Dkt. No. 123.

2   **II.      ANALYSIS**

3         **A.      Request for Recusal**

4         Plaintiff's purported bases for recusal can be grouped into three categories: (1) a minute

5   entry in this case that followed a settlement conference held before a U.S. magistrate judge; (2) the

6   undersigned judge's rulings in this case; and (3) alleged *ex parte* contact with defense counsel.

7   Plaintiff presents no legally sufficient basis for recusal.

8         Plaintiff moves for recusal under 28 U.S.C. § 455(a). This statute provides that a judge

9   "shall disqualify himself in any proceeding in which his impartiality might reasonably be

10  questioned." *Id.* "The test for creation of apparent bias sufficient to require dismissal under

11  [Section 455] is an objective one: 'whether a reasonable person with knowledge of all the facts

12  would conclude that the judge's impartiality might reasonably be questioned.'" *Herrington v.*

13  *Sonoma Cnty.*, 834 F.2d 1488, 1502 (9th Cir. 1987) (quoting *United States v. Nelson*, 718 F.2d

14  315, 321 (9th Cir. 1983)). In this context, the "reasonable person" is not someone who is

15  "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who

16  "understand[s] all the relevant facts" and "has examined the record and law." *United States v.*

17  *Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (citations omitted). This standard does not mandate

18  recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Id.* at 913

19  (citation omitted).

20        Plaintiff first argues that the undersigned judge's assignment of this case to former U.S.

21  Magistrate Judge Patricia Trumbull for a settlement conference in 2007 indicates partiality on the

22  part of the court. The apparent basis for plaintiff's argument is that following a March 16, 2007

23  settlement conference, the magistrate judge issued a minute order indicating, in relevant part, that

24  defendant "needs to make a motion." Dkt. No. 15. Plaintiff asserts that this notation in the minute

25  order suggests bias on the part of the court because, plaintiff argues, "an impartial court would

26  have ordered plaintiff to make a motion for summary judgment instead of defendants, or an

27  impartial court would have entered summary judgment in favor of plaintiff *sua sponte*." Dkt. No.

28

5:06-cv-05302-RMW
ORDER DENYING MOTION FOR RECUSAL AND MOTION FOR RELIEF FROM JUDGMENT
RS

1    123 at 3. Furthermore, plaintiff argues, "Judge Whyte's favorable rulings for defendants were

2    influenced by Judge Trumbull's Settlement Conference order." *Id.* at 4.

3           Plaintiff's argument regarding the Magistrate Judge is legally insufficient. First, the nine-

4    year-old minute entry is ambiguous. It is unclear, for example, whether the notation that defendant

5    "needs to make a motion" was intended to reflect, on the one hand, what defendants were planning

6    to do, or, on the other hand, the court's view on what they should do. Second, plaintiff cites no

7    authority for the proposition that it would be improper for a magistrate judge to suggest motion

8    practice as a means of resolving a dispute. As explained below, a court's rulings alone almost

9    never warrant disqualification. Third, Magistrate Judge Trumbull left the court several years ago,

10   and plaintiff fails to explain how she could possibly exercise any influence on proceedings in this

11   matter.

12          Plaintiff next argues that this court's summary judgment ruling and the court's ruling on

13   plaintiff's two previous Rule 60 motions show pervasive bias against plaintiff. *See* Dkt. No. 123 at

14   4-9. The recusal statute is "limited by the 'extrajudicial source' factor which generally requires as

15   the basis for recusal something other than rulings, opinions formed or statements made by the

16   judge during the course of [proceedings]." *Id.* at 913–14. As plaintiff acknowledges, "judicial

17   rulings alone almost never constitute a valid basis for a bias or partiality motion." Dkt. No. 123 at

18   2 (quoting *Liteky v. United States*, 510 U.S. 540, 554 (1994)). Plaintiff argues, however, that there

19   is an exception to the extrajudicial source doctrine when a judge has such a "pervasive bias"

20   against a litigant that the judge has a "clear inability to render fair judgment." *See id.* at 551.

21          Plaintiff's argument that this court's prior rulings show a pervasive bias against him is

22   legally insufficient. The example of "pervasive bias" discussed in *Liteky*, on which plaintiff relies,

23   is one of a judge who, during a World War I espionage case, remarked: "'One must have a very

24   judicial mind, indeed, not [to be] prejudiced against the German Americans' because their 'hearts

25   are reeking with disloyalty.'" *Id.* at 555 (quoting *Berger v. United States*, 255 U.S. 22 (1921)).

26   While plaintiff may disagree with this court's past rulings, at most, plaintiff's arguments would

27   have been grounds for appeal. Plaintiff cites no examples of rulings or comments by the

28
                                              4
     5:06-cv-05302-RMW
     ORDER DENYING MOTION FOR RECUSAL AND MOTION FOR RELIEF FROM JUDGMENT
     RS

United States District Court
Northern District of California

1   undersigned that rise to the level of pervasive bias.

2   Finally, plaintiff argues, with respect to this court's denial of plaintiff's first Rule 60

3   motion, that "there were *ex parte* communications between district court officials and the attorney

4   (Richard North) for defendants." Dkt. No. 123 at 8. Furthermore, "Plaintiff argues that *ex parte*

5   communications are an 'extrajudicial source' of bias and that there is the appearance that Judge

6   Whyte knew of these improper communications or were involved in them." *Id.* Plaintiff's

7   allegations of ex parte communications are entirely speculative and legally insufficient. Plaintiff

8   cites no evidence to support his claim of *ex parte* communications, and "rumor, speculation,

9   beliefs . . . and similar non-factual matters" do not ordinarily require recusal. *Holland*, 519 F.3d at

10  914 n.5.

11  For the reasons explained above, plaintiff's motion for recusal is denied.

12  **B.      Motion for Relief from Judgment**

13  For the third time, plaintiff moves for relief from judgment under Federal Rule of Civil

14  Procedure 60. The court initially notes that Bates titles his motion an "Independent Action in

15  Equity for Relief from Judgment Pursuant to Federal Rules of Civil Procedure 60(d)(1)."[1]

16  Notwithstanding its title, plaintiff's motion is not an "independent action," i.e., a new case.

17  Regardless of whether plaintiff brought his motion under Rule 60(d)(1) or Rule 60(d)(3), however,

18  the court's conclusions would not change because in substance, the instant motion simply repeats

19  arguments that plaintiff unsuccessfully made in his prior Rule 60 motions. Defendants argue that

20  all of plaintiff's current arguments are foreclosed by the law of the case doctrine.

21  The law of the case doctrine "generally preludes a court from reconsidering an issue

22  decided previously by the same court or by a higher court in the identical case." *Hall v. City of Los*

23  *Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). "The issue in question must have been decided

24  explicitly or by necessary implication in the previous disposition." *Id.* Plaintiff's reply brief does

25  not address defendants' analysis regarding law of the case doctrine.

26

27  [1] That rule, states: "This rule does not limit a court's power to . . . entertain an independent action
to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1).

28

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    Plaintiff's third Rule 60 motion raises three main arguments that this court and the Ninth

2    Circuit previously rejected. First, plaintiff argues that plaintiff's former attorney fraudulently

3    colluded with defense counsel to stipulate to the dismissal of defendant Younis without plaintiff's

4    consent. Dkt. No. 116 at 4-8; Dkt. No. 122 at 2-3. This court addressed plaintiff's arguments

5    regarding Younis when the court denied plaintiff's second Rule 60 motion, Dkt. No. 86, and the

6    Ninth Circuit dismissed plaintiff's appeal of that denial, Dkt. No. 92.

7    Second, plaintiff asserts that this court denied his first Rule 60 motion based solely on his

8    failure to appear at an April 26, 2013 hearing despite plaintiff's assertion that he was informed that

9    he was not required to attend. Dkt. No. 116 at 10-15; Dkt. No. 122 at 3. Plaintiff is incorrect. The

10   court's April 26, 2013 order denying plaintiff's first Rule 60 motion specified that the court

11   "considered the papers" and that the denial was because "[h]is motion is untimely and he has

12   failed to present adequate evidence supporting either of his theories for relief." Dkt. No. 55. The

13   Ninth Circuit affirmed that disposition. Dkt. No. 100 at 2.

14   Third, plaintiff argues that this court's 2008 summary judgment order erred by granting

15   preclusive effect to a state court judgment. Dkt. No. 116 at 15-19; Dkt. No. 122 at 3-4. This court

16   and the Ninth Circuit considered and rejected these same arguments at the summary judgment

17   stage, Dkt. Nos. 30, 38, and in response to plaintiff's first Rule 60 motion, Dkt. Nos. 55, 100.

18   Plaintiff may strongly disagree with the prior rulings of this court and the Court of

19   Appeals, but the relief he seeks is barred by the law of the case doctrine. Plaintiff has not shown

20   that relief is warranted under Rule 60.

21   **III.    ORDER**

22   For the forgoing reasons, the court DENIES plaintiff's motion for recusal and DENIES

23   plaintiff's motion for relief from judgment. No further filings will be accepted in this closed case.

24   **IT IS SO ORDERED.**

25   Dated: August 15, 2016

26   _____
     Ronald M. Whyte
27   United States District Judge

28
     5:06-cv-05302-RMW
     ORDER DENYING MOTION FOR RECUSAL AND MOTION FOR RELIEF FROM JUDGMENT
     RS